Albert A. Blair, appellant, v. Omaha Ice & Cold
Storage Company, appellee.

Filed December 15, 1917.    No. 20386.

1. **Master and Servant: Workmen's Compensation Act: Compen-**
   **sation: Accident.** Under the Nebraska statute, compensation can
   only be made for personal injuries or for the death of an employ.,
   "by accident arising out of and in the course of employment" and
   unless a disease is traceable to an "accident" as defined in section
   3693, Rev. St. 1913, the law does not award compensation.

2. ———: ———: ———: **Disease.** A disease arising from the ordi-
   nary incidents of an occupation and which may reasonably be said
   to be the result of an occupation is expressly excepted by said sec-
   tion of the act and no recovery can be had for disability occasioned
   thereby.

Appeal from the district court for Douglas county:
Alexander C. Troup, Judge. *Affirmed.*

*Weaver & Giller,* for appellant.

*Gurley & Fitch,* and *L. A. Hickman, contra.*

Letton, J.

Action under the workmen's compensation law. De-
fendant operates an ice manufacturing establishment
in Omaha. The ice is manufactured by immersing
a can containing water in a tank holding a freezing
mixture. When the contents are frozen the cans are
raised by the use of a lever, dipped into a tank of hot
water to loosen the contents, and the ice then "pulled"
or emptied. Plaintiff began work as an "ice puller" in
the summer of 1916. In the summer time the ice pull-
ing took most of his time. When cold weather came he
pulled ice part of each day and afterwards, under the
directions of the foreman, did whatever work there was
to do around the plant. In January, 1917, after pull-
ing ice, he was set to cleaning the flues of one of the
boilers. This was done by using a hose with an appli-
ance at the end. His testimony is to the effect that,

when working at the end of the boiler next to the smoke-stack, this was very hot work, causing him to perspire freely; that, after working for about a week indoors at boiler cleaning, he was put to work, after the ice was pulled each day, to lower two pumps which were supported by brick pillars above the well outside of the building; that while engaged in this work water dripped upon him and he became very cold, the temperature being about 15 to 18 degrees below zero; and that, after having engaged in this work for about a week, he contracted sciatic rheumatism, became unable to work, suffered severe pain and was incapacitated from that time to the time of the trial. For this condition he claims compensation. There is testimony that the boilers are in a large room with high ceiling and that the temperature near the boilers is about 60 degrees, the same as in other parts of the room. Plaintiff was not required to work upon the pumps on the same days that he was cleaning the boiler, and while doing this the men would work until they were cold and then would go into the building and warm themselves.

For the defense it was testified that the plaintiff had complained of rheumatism in November, when he had been off duty for eight days and had used liniment at that time. Plaintiff says this was on account of a strain of the back which he got from lifting a heavy piece of ice. A physician testified for plaintiff that exposure to heat for a number of days whereby the pores became opened and the individual sweats profusely, followed by several days of exposure to severe cold and wet, would be apt to cause sciatic rheumatism; that while arthritic rheumatism is accepted as a germ disease, this is not the case with sciatic rheumatism, and that its causes are obscure. That in his judgment, from the history plaintiff gave him, the sciatica was the result of the chilling and of the extremes of temperature.

Plaintiff insists that the illness was an "accident" as defined in the compensation act, while defendant insists that the disease was contracted in the natural course of events, and was not the result of accident. The statute involved provides: "Compensation shall be made for personal injuries to or for the death of such employee by accident arising out of and in the course of his employment." Rev. St. 1913, sec. 3651. "The word 'accident' as used in this article shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury. The terms 'injury' and 'personal injuries' shall mean only violence to the physicial structure of the body and such disease or infection as naturally results therefrom. The said terms shall in no case be construed to include occupational disease in any form," etc. Rev. St. 1913, sec. 3693.

Was the sickness of plaintiff an "accident?" There was no event which happened suddenly and violently which produced at the time objective symptoms of an injury. The statute provides that the terms "personal injuries" and "injury" "shall mean only violence to the physical structure of the body." There was no violence to the physical structure. The cases in this state cited by plaintiff are clearly distinguishable. In *Manning v. Pomerene*, 101 Neb. 127, upon which the plaintiff places great stress, there was an actual accident. The injured man was endeavoring to move a heavy iron beam when a strain or lesion occured in his physical structure which produced objective symptoms of an injury at the time. There was actual violence to the physical structure of the body in the cases of *Young v. Western Furniture & Mfg. Co.*, 101 Neb. 696, and *Kanscheit v. Garrett Laundry Co.*, 101 Neb. 702, in which it was held that a sunstroke or heat stroke came within the provisions of the statute. In each of

these cases the stroke happened suddenly and unexpectedly and produced at the time objective symptoms of an injury. Attention is called to cases cited in the notes to L. R. A. n. s. 1916A, 283, 290 (*Adams v. Acme White Lead & Color Works,* 182 Mich. 157) and L. R. A. n. s. 1917D, 103. There is a difference in the statutes of different states, and cases which in some states would be held to be within the law are in other states necessarily excluded. It is pointed out in the Bulletin of United States Bureau of Labor Statistics No. 203, issued in January, 1917, that the qualifying term "accidently" does not appear in the laws of California (as amended in 1915), Connecticut, Massachusetts, Ohio, West Virginia, and the federal statutes of 1908 and 1917, so that cases from those jurisdictions afford no light as to whether cases of this nature fall within the Nebraska statute. In practically every case in which the workman was held entitled to recover, which is at all similar, the facts disclosed a sudden event happening at a particular time to which the injury was directly traceable. Within this class of cases are sunstroke, heatstroke, hernia, and injuries from freezing. In a number of cases recovery has been allowed for death from a subsequent disease such as pneumonia, but in such cases there has always been some accident, such as a miner being compelled by accident to the machinery to stand in cold water for a long time, or a pilot jumping into a boat which partly upset and caused him to become wet and chilled resulting in sciatica, or some other accidental occurrence. The accident may not always have affected the individual directly, but it set a train of causative events in motion to which the disease was directly attributable. *Alloa Coal Co., Ltd., v. Drylie,* 6 B. W. C. C. 398; *Brown v. Watson, Ltd.,* 7 B. W. C. C. 259. Where a bill collector hurrying to finish his work became overheated, chilled by exposure, which developed into pleurisy, it was held no accident. *McMillan v. Singer Sewing Machine Co., Ltd.,* 6 B. W. C. C. 345.

In the case at bar no accident has been shown. The case is in no wise different than the ordinary case where a man who has been engaged in indoor work for a time does outdoor work in cold weather and contracts a severe cold. Indeed, it may be questioned whether the trouble according to the evidence of the doctor was not, to some extent, at least, occupational, and the statute expressly provides that the terms used therein shall in no case be construed to include occupational disease in any form. This court has already construed very liberally the provisions of the statute; but to hold that plaintiff's sickness was the result of an accident would be in our opinion to go beyond any reasonable construction. Even in Connecticut where "accident" is not a requisite it was held in a similar case there could be no recovery. *Linnane v. Ætna Brewing Co.*, 91 Conn. 158.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.