SJOHOLM *v.* HERCULES POWDER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—WEIGHT OF EVIDENCE.

In reviewing an award under the workmen's compensation act, the Supreme Court will not weigh the facts, but will affirm the award if there is any competent evidence to support it.

2. SAME—SHOCK FROM EXPLOSION—EVIDENCE—SUFFICIENCY.

Where a workman 61 years of age, in previous good health, was found, about an hour and a half after an explosion of dynamite and nitro-glycerine in the plant where he was employed, to be suffering from shock, and

later suffered from shattered nerves and other ailments, his death following about 16 months later, testimony by physicians that his condition and death were caused by the shock resulting from said explosion, *held,* sufficient to sustain an award to his dependents under the workmen's compensation act.

Certiorari to Department of Labor and Industry. Submitted June 3, 1924.     (Docket No. 17.)     Decided July 24, 1924.

Anna C. Sjoholm presented her claim for compensation against the Hercules Powder Company for the accidental death of her husband in defendant's employ. From an order awarding compensation, defendant brings certiorari.     Affirmed.

*W. T. Potter,* for appellant.

*M. J. Kennedy,* for appellee.

McDONALD, J.     The defendant seeks to review by certiorari an order of the department of labor and industry, awarding the plaintiff compensation for injuries resulting in the death of her husband while in the defendant's employ.     On July 26, 1921, an explosion occurred at the plant of the Hercules Powder Company, which is located about three miles south of the city of Ishpeming, Michigan.     At the time of the explosion the plaintiff's husband, Theodore Sjoholm, was working in the nitric acid building.     There were two explosions in two different buildings.     One thousand pounds of dynamite and 2,660 pounds of nitro-glycerine exploded simultaneously.     The two buildings were connected by a hose line used to convey the explosives from one to the other.     Both buildings were approximately 650 feet from the nitric acid house in which the plaintiff's husband was employed.     Between the buildings where the explosion

occurred and the nitric acid house were substantial barricades constructed of posts sunk in the ground, with heavy planks on the inside and outside filled in with dirt and extending higher than the building. The explosion was of such force as to break windows in the city of Ishpeming, three miles away. But little damage was done to the nitric acid building and none of the men working there were killed. About an hour and a half after the explosion, a doctor, who was called to the plant to treat the injured employees, saw the plaintiff's husband but made no physical examination of him. He complained of headache and sickness of the stomach, and seemed to be suffering from the shock. It is the plaintiff's claim that as a result of the explosion her husband, who previously was strong and able-bodied, suffered such injuries that he became sick, and that one ailment followed another, culminating in his death on December 9, 1922. The defendant denied liability for the reason that the death of Theodore Sjoholm was not the result of an accidental personal injury arising out of and in the course of his employment, and that he suffered no injury from the explosion which resulted in his death. The department found against the defendant and awarded the plaintiff $14 a week for a period of 300 weeks from the date of the accident.

It is argued by counsel for the defendant that there is no competent evidence tending to prove that Theodore Sjoholm suffered an accidental injury while in the employ of the Hercules Powder Company, within the meaning of the compensation law; that his death was not the result of any such accidental injury; and that he died of uræmia, which was in no way traceable to injury from the explosion.

We have frequently said in these cases that this court will not weigh the facts, but will affirm the award if there is any competent evidence to support it.

There is evidence that, at the time of the accident, Theodore Sjoholm was 61 years of age; that he was in good health and had never had any serious bodily ailment; that one hour and a half after the explosion on July 26, 1921, the doctor found him suffering from the shock, but gave him no physical examination; that when he got home he complained of his right side and leg; that his wife examined him and found his knee "swelled up like a ball;" that on the 15th of September, he consulted a doctor who discovered that he had a right inguinal scrotal hernia; that his nerves were completely shattered; that in August, 1922, he attempted suicide by severing an artery in his wrist and hitting himself on the forehead with a hammer; that he developed successive ailments, pleurisy, traumatic peritonitis and uræmia from which he died on the 9th of December, 1922. If these conditions were caused by the explosion, it must be held that he received accidental personal injuries arising out of and in the course of his employment. That they were caused by the terrific force of the explosion is shown by the testimony of some of the medical experts. Dr. Robbins, who operated on the decedent, testified:

"In my opinion an explosion of this force would be sufficient to cause the injury and hernia develop from it. * * *

"It is my opinion that this hernia was caused by the explosion. * * *

"In my opinion the injury and the conditions which followed were the causes that led up to the death of Theodore Sjoholm."

Doctor Hornbogen, a surgeon of large experience, testified:

"You want to know whether a man 62 or 63 years old, after having suffered this shock from this explosion of 3,660 pounds of dynamite on July 26, 1921, who was in perfect normal health so far as I know or you know or anyone else knows prior to that and after that time, persistently went down hill, whether

that shock of that explosion was sufficient to cause the train of events which resulted in his death? I can simply say this, that the explosion of that amount of dynamite with the slight protection given by the Hercules Powder Company which was altogether insufficient, would cause considerable physical disorder as well as mental and nervous. * * * Now, with a man 62 years old, past the prime of life, it does not require very much to cause a physical injury like a hernia. The great amount of pressure exerted upon his abdomen or his lungs by such an explosion could easily cause a hernia or other injuries to say nothing of the mental and nervous condition which might result, a condition which we now commonly call shell shock. The United States government and all other governments which took part in the great war are still building hospitals for the boys who suffered shell shock. I, therefore, contend that it was perfectly possible for that explosion to cause his hernia and his mental and nervous condition.

"Q. Then, doctor, in your opinion, the explosion of that quantity of dynamite and nitro-glycerine, under these conditions, would, in addition to the hernia, cause injuries to the nerves sufficient to produce the condition described in Theodore Sjoholm? * * *

"A. I do."

The fact that decedent had no pre-existing disease; that following the explosion his nerves were completely shattered; that he became afflicted with various diseases, resulting in his death; and that some of the medical experts are of the opinion that these conditions were produced by the explosion, is sufficient evidence to support the findings of the department.

The award is affirmed, with costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.