ELLA COSTLY v. CITY OF EVELETH.[1]

February 17, 1928.

No. 26,504.

**Fireman's death from pneumonia not a case for statutory compensation.**
The deceased, a member of a city fire department, in the usual course of his duties, attending and assisting in extinguishing a fire, suffered chill and exposure and inhaled some smoke. Shortly thereafter he developed bronchial and lobar pneumonia and died. *Held* not a case for compensation under the Minnesota workmen's compensation law, defining an accident as an unexpected or unforeseen event, happening suddenly and violently and "producing at the time injury to the physical structure of the body."

Workmen's Compensation Acts—C. J. p. 64 n. 10.

[1]Reported in 218 N. W. 126.

See note in L. R. A. 1918F, 867; 28 R. C. L. 794; 3 R. C. L. Supp. 1595; 4 R. C. L. Supp. 1854.

Certiorari to review an order of the industrial commission denying compensation for the death of relator's husband. Affirmed.

*W. K. Montague,* for relator.

*John E. Manthey,* for respondent.

STONE, J.

Certiorari to the industrial commission to review an order denying compensation claimed by the relator as the dependent widow of Hugh Costly, deceased. Mr. Costly died March 29, 1926, from bronchial and lobar pneumonia contracted, the record indicates, after exposure, chill and some inhalation of smoke, suffered by the deceased on the night of February 18, 1926, while in the performance of his duties as a member of the fire department of the city of Eveleth in its attempt to extinguish a fire.

Pneumonia, like typhoid, is a germ disease. Except for the occupational diseases expressly enumerated and covered by our workmen's compensation law, § 4327(9), G. S. 1923 (1 Mason 1927), mere sickness is not compensable unless, within the operation of subd. 10 of the same section, "the disease is an accidental personal injury within the meaning" of the law. By § 4326(h) an accident is "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body." In State ex rel. Faribault Woolen Mills Co. v. District Court, 138 Minn. 210, 164 N. W. 810, L. R. A. 1918F, 855, we held that typhoid fever contracted by an employe within the course of his employment and from a risk arising therefrom was not compensable. The reason was that there had been no accident within the statutory definition. The cases are reviewed and the reasons for the holding gone into at length in that decision. It is unnecessary to repeat or review them.

In the present case there is no proof of "injury to the physical structure of the body" of the deceased, at the time, as a result of his work at the fire, as distinguished from the disease which soon fol-

lowed. So from the standpoint of the statutory definition of accident and its exclusionary effect upon mere sickness, we are unable to distinguish the pneumonia present in this case from the typhoid fever for which compensation was sought in the Faribault Woolen Mills Co. case.

The legislative definition of accident is admittedly difficult of application in such cases, but that difficulty does not permit us to ignore it or deny it effect. It is hard to see how it can have any function, or how we can give such obviously restrictive words their usual restrictive effect, unless we exclude from compensability such germ diseases as typhoid and pneumonia where there is no proof of a sudden and unforeseen event, as a cause, producing at the time injury to the physical structure of the body. Similar restrictive definitions of accidents in workmen's compensation laws are uncommon. In Nebraska there is one something like ours, and the same result has been reached. Blair v. Omaha I. & C. S. Co. 102 Neb. 16, 165 N. W. 893.

We appreciate the logical inconsistency to which conclusions like the foregoing may lead. For example, a single cause, such as an automobile accident, may disable two persons. One of them, being physically injured at the time, within the meaning of the statutory definition, may be entitled to compensation. The other, suffering no such damage to his physical structure, may however contract a disease which, even though it results in disability more serious than that of his companion, will not be compensable. Compare Brown v. John Watson, Ltd. 83 L. J. P. C. 307. But such a result, indefensible though it may be in logic, follows necessarily a requirement such as that expressed in the restrictive definition of our statute. It requires amendment rather than construction to come to a different result, and amendment is not for us.

Order affirmed.