Percy B. Rinehart, Appellant, v. F. M. Stamper Co., Respondent.
—55 S. W. (2d) 729.

Kansas City Court of Appeals.   December 12, 1932.

*Hulen & Walden* for appellant.

*Hunter & Chamier* for respondent.

BOYER, C.—This is an action for damages based on negligence. A demurrer to the petition was sustained; plaintiff declined to plead

further, suffered judgment dismissing the petition, and duly appealed. The demurrer was tendered on the ground that the petition shows lack of jurisdiction in the court and shows exclusive jurisdiction in the Workmen's Compensation Commission. The petition was filed January 3, 1931, and reads as follows:

"Plaintiff states that the defendant is a corporation duly organized and existing under the laws of the State of Missouri, with its principal offices located in Moberly, Randolph County, Missouri, and is a major employer, within the meaning of Chapter 28, Section 3302, Revised Statutes of Missouri, for 1929.

"Plaintiff further states that on the 12th day of April, 1930, and for a long time prior thereto, he was employed by the defendant in the poultry house and refrigerating plant, located in Moberly, Missouri; that in connection with said poultry plant, the defendant operated and maintained a refrigerator in which said refrigerator were stored eggs, dressed poultry, butter, cream and milk; that the temperature in said refrigerator during all the times herein mentioned was zero or ten degrees below zero; that in the course of plaintiff's employment, he was directed by his foreman to work in, upon and about the platforms owned and controlled by the defendant, in hauling, removing and storing of poultry and eggs; that in so handling said produce the plaintiff, and others like employed, did perspire freely; that on or about the 12th day of April, 1930, while the plaintiff was employed by the defendants, as aforesaid, and while the plaintiff, as a result of his labor and work on the platforms as aforesaid, was perspiring freely, the defendant, its agents, servants and employees carelessly and negligently ordered and directed that said plaintiff should continue his work within the refrigerator aforesaid; that at said time and place, the plaintiff objected to going into and being compelled and directed to do work in said refrigerator on account of the fact that he was perspiring freely, and that his clothing was wet with perspiration, but that said defendant, its agents, servants and employees directed plaintiff that unless he did immediately enter into said refrigerator, although said defendant, its servants, agents and employees well knew the condition of plaintiff, at said time and place, that said plaintiff would be discharged from their employment; that as a result of said direction, warning and threat of the defendant, its servants, agents and employees, plaintiff did enter said refrigerator while the temperature therein was from zero to ten degrees below zero, and while working therein under the direction, warning and threat of defendant as aforesaid, his clothing was frozen upon his body; that as a result thereof and said careless and negligent acts of the defendant, its agents, servants and employees, the plaintiff, on said 12th day of April or thereabouts, contracted pneumonia, from which disease and infection he was incapacitated and confined to a hospital for seven weeks and

five days; that as a result of said careless and negligent acts of the defendant as aforesaid, plaintiff suffered great mental agony and physical pain and has been, and now is, considerably weakened in body and his health, and now is seriously impaired. That neither the plaintiff nor the defendant have rejected the Workmen's Compensation Act, as provided by law. That plaintiff was not engaged in any of the occupations mentioned in Section 3303, Revised Statutes of Missouri for 1929, and was not earning an average annual wage exceeding $3600; that such injury did not result from an accident or injury within the meaning of Chapter 28, Revised Statutes of Missouri for 1929, known as the Workmen's Compensation Act.

"That as a result of said careless and negligent acts of the defendant, its servants, agents and employees as aforesaid, plaintiff did contract and incur debts for medical attention, hospital bills and doctors' bills in the sum of one thousand ($1000) dollars.

"That the careless and negligent acts of the defendant, its servants, agents and employees as aforesaid, were the proximate cause of the injury to plaintiff as herein alleged.

"Wherefore, plaintiff prays judgment against the defendant in the sum of five thousand ($5000) dollars, together with his costs herein expended."

To show error in the ruling of the court upon the demurrer appellant states his points in this manner:

"(A) Pneumonia is an infectious disease and specifically excepted by Section 3305, Revised Statutes of Missouri for 1929, and, therefore, the Workmen's Compensation Commission is without jurisdiction to entertain plaintiff's complaint.

"(B) The injury from which plaintiff is complaining is not an "accident" or "injury" within the meaning of Chapter 28, Revised Statutes of Missouri for 1929."

Chapter 28 of the statutes referred to contains the Workmen's Compensation Law of our state and section 3305 above mentioned is a portion thereof and is the definition section of the Act. The argument of appellant to sustain the points stated is based upon one of the paragraphs of section 3305, which contains the following:

"(b) The word 'accident' as used in this chapter shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury. The term 'injury' and 'personal injuries' shall mean only violence to the physical structure of the body and such disease or infection as naturally results therefrom. The said terms shall in no case be construed to include occupational disease in any form, nor shall they be construed to include any contagious or infectious disease contracted during the course of the employment, . . ."

In reference to the first point, appellant argues in substance that the injury of which he complains was pneumonia and that under the circumstances detailed in the petition "clearly pneumonia so contracted is nothing other than an infectious or occupational disease, for which plaintiff has no remedy under the Workmen's Compensation Act." It is also stated that there are no allegations in the petition as to any violence to the physical structure of the body and no allegations as to any unexpected or unforeseen event happening suddenly and violently. Appellant would have us hold as a matter of law, upon the facts alleged, that plaintiff suffered from an occupational or infectious disease, and that under the statute above quoted his case is specifically excluded from the jurisdiction of the Workmen's Compensation Commission. This we cannot do. Taking the facts alleged in the petition as evidence there would be nothing upon which to base a finding of an occupational disease, and we cannot declare as a matter of common knowledge that pneumonia is an infectious disease of the character intended to be excluded by the Act. That portion of the statute which says that the terms "injury" and "personal injuries" shall in no case be construed to include any contagious or infectious disease contracted during the course of employment contemplates a contagion or an infection which does not arise out of the employment, but which is encountered in some manner independent of an accident in connection with the work of the employee. The term "injury" includes both violence to the physical structure of the body and such disease or infection as naturally results therefrom. Under the allegations it might reasonably be found that plaintiff sustained violence to the physical structure of his body by being unduly exposed to extreme cold and that pneumonia naturally resulted therefrom. Upon such a finding the injury would include not only the harm done by the initial exposure, but would also include the disease of pneumonia and the case would still be within the compensation law even though it be conceded that pneumonia is an infectious disease.

While appellant appears to insist upon this point he also practically waives it because counsel in the beginning of the argument state and in substance reiterate that "the sole question is whether or not the pneumonia contracted as alleged in the petition is an 'accident' within the meaning of the Workmen's Compensation Act." This in effect limits consideration to the second point under which it is contended that there was neither an injury nor an accident as contemplated by the compensation law.

All compensation cases under our law rest upon the fundamental fact of an accidental injury, or as stated in the statute (section 3301), a personal injury by accident arising out of and in the course of the employment. If this case were pending before the Workmen's Compensation Commission for decision, with the averments

of the petition as the evidence, and the commission should find that plaintiff did sustain a personal injury by accident arising out of and in the course of his employment, such a finding, with the other substantive facts alleged, would afford an adequate basis for an award of compensation and such finding could not be set aside on the ground that there was no evidence to support it. In all cases properly under the compensation law the questions of injury, accident, and resulting disease are all questions of fact for the determination of the commission which is the legally constituted fact-finding body for such cases. The commission cannot be ousted of jurisdiction merely because there may be a reasonable divergence of opinion upon some question of fact involved. The declaration of the Supreme Court upon the evidence and finding in the case of Leilich v. Chevrolet Motor Co., 40 S. W. (2d) l. c. 604, is appropriate. The opinion states:

"That there was an accident, as defined by the act, and that it arose out of and in the course of the employment, were findings of fact, and not conclusions of law; they were ultimate facts, and, with the other substantive facts found or admitted, afforded a sufficient basis under section 3 of the act (section 3301, R. S. 1929) for an award of compensation."

It is clear enough that plaintiff sustained an injury within the statutory meaning of that term and that he suffered violence to the physical structure of his body. The petition states the facts and circumstances of the exposure to extreme cold and alleges that as a result thereof plaintiff contracted pneumonia "on said 12th day of April or thereabouts;" that he was incapacitated and confined to a hospital and "suffered great mental agony and physical pain and has been, and now is, considerably weakened in body and his health, and now is seriously impaired." These statements foreclose appellant's contention that he did not sustain an injury as contemplated by the compensation law.

It is finally contended that there was not an accident as that word is defined and that there was no unexpected or unforeseen event happening suddenly and violently and producing at the time objective symptoms of an injury. The word accident as used in the statute is given the character of an event which is not limited to any single incident or circumstance. The word event is more comprehensive in meaning and in this connection is synonymous with the word occurrence. It includes all of the steps or connected incidents from the first cause to the final results. It is not limited in meaning to the initial cause but may include both cause and effect. [Gillod v. Kansas City Power & Light Co., 18 S. W. (2d) l. c. 100, and cases cited.] The event was sufficiently sudden and violent. It happened without previous notice or with very brief notice. For an event to happen suddenly it is not required that all the incidents and cir-

cumstances of the event occur simultaneously. To constitute an accident within the definition of that word the event need not reach its consummation immediately. [Lovell v. Williams Bros., Inc., 50 S. W. (2d) 710, 713.] In the case last cited the event covered a period of several days and the occurrence was held to be within the meaning of the word accident and the injury compensable. In the case at bar plaintiff was exposed and contracted pneumonia on the same day "or thereabouts" and objective symptoms of an injury were produced at the time of the event. From the statements of the petition we think it would have been competent for the Workmen's Compensation Commission to have found an accident as that term is defined and that plaintiff sustained an accidental injury. Upon the averments it cannot be determined as a matter of law that there was not an accident. What we wish to emphasize is that the issue of accident or no accident is one of fact and cannot be determined as a matter of law upon the allegations of the petition. Under the facts stated reasonable minds might reach different conclusions.

Appellant places special reliance upon the case of Blair v. Omaha Ice & Cold Storage Co., 102 Neb. 16, 165 N. W. 893, and the case of Miller v. St. Joseph Transfer Co., 224 Mo. App. 1114, 32 S. W. (2d) 449. These cases are not ruling precedents for the case at bar. They were determined upon appeal after trial and are distinguishable upon the facts. In the Blair case a workman was exposed alternately to heat and cold incident to his place of work. At last he was engaged in outside work for a period of a week, during which time he was exposed to water dripping upon him and to excessive cold. He contracted sciatica, and on the claim that his illness was an accident the Nebraska court held that in view of the definition of the term accident there was no event which happened suddenly and violently and producing at the time objective symptoms of an injury, and that there was no violence to the physical structure of the body. The opinion seeks to distinguish the case from other cases of the same court in which it was held that sunstroke or heat stroke came within the provisions of the statute. The author of the opinion concludes with the remark that "to hold that plaintiff's sickness was the result of an accident would be in our opinion to go beyond any reasonable construction." The distinction drawn between the effect of exposure to heat and the effect of exposure to cold is not convincing and is not in accord with the purposes of the Missouri Act or with rulings in our State. In the case of Kripplaben v. Greenspon's Sons Iron & Steel Co., 50 S. W. (2d) 752, 753, the employee suffered heat exhaustion and the court observed:

"We regard the evidence as sufficient to justify the commission in finding that the decedent, because of his duties, was exposed to a special and peculiar danger from the heat, resulting in the heat exhaustion which caused his death."

It may be said with equal propriety that plaintiff in this case, because of his duties, was exposed to a special and peculiar danger from cold resulting in sickness and disability. Evidently the Legislature never intended any discrimination between the ravages of heat and cold incident to employment, and never intended that disability caused by one would be included while disability caused by the other would be excluded from the operation of the Act. One element may be as devastating as the other.

In the Miller case the commission found that plaintiff suffered from an occupational disease and not an accident, and under the facts this court ruled that there was some evidence to sustain the conclusion of the commission that the injury was not the result of accident and that the finding of the commission could not be disturbed under such situation. Clearly the case is not an authority in support of the contention of appellant.

We hold that plaintiff has alleged facts upon which the Workmen's Compensation Commission could legally find all the elements of a compensable case under the compensation law. By the terms of that law (Section 3301, R. S. 1929) the rights and remedies granted an employee exclude all other rights and remedies, and an employee within the act cannot maintain an action based upon negligence of the employer. The circuit court had no jurisdiction. The demurrer to the petition was correctly ruled and the judgment should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.