**PAXTON v
SPICER MANUFACTURING CORP**

Ohio Appeals, 6th Dist, Lucas Co

No 2744. Decided Feb 20, 1933

Brady, Yager & Bebout, Toledo, and Joseph Stecher for plaintiff in error.

Marshall, Melhorn, Marlar & Martin, Toledo, Crary Davis and Leland H. Notnagel, Toledo, for defendant in error.

LLOYD, J.

No compensation can be had under the Workmen's Compensation Act for the death of Paxton from pneumonia unless proximately caused from a physical injury received by him in the course of his employment.

Youngstown Sheet & Tube Co. v Redolphi, Ohio Law Abstract, December 24, 1932, (13 Abs 39).

Industrial Commission v Cross, 104 Oh St, 561.

Industrial Commission v Betleyoun, 31 Oh Ap, 430, (7 Abs 542).

Counsel for plaintiff in error say in their brief that much of what is said in the opinion in the Cross case "is pure dicta and wholly unnecessary to a decision of the case" for the reason that, as stated at page 336 of the opinion in Thackeray v Helfrich, 123 Oh St, 334, written by the judge who also prepared the opinion in the Cross case, the Supreme Court "announces the law only

through the syllabi of cases and per curiam opinions" and that as also stated therein "individual opinions speak the conclusions of their writer. What useful purpose they serve is an open question." If this statement is literally correct, then it would seem that the opinion announcing it should be appraised by the same measure of value.

Does the amended petition of plaintiff allege a physical injury? As we analyze it, the amended petition states no more than that the decedent Paxton contracted pneumonia as a direct and proximate consequence of severe and intense chills occasioned by exposure in the non-heated "portion of the factory in which it was necessary" for him to work and by "contact of his hands and wrists with the ice cold soda water solution in order to perform his duties as a wet grinder."

It was suggested in argument that the cause of action of plaintiff as stated in her amended petition was the counter-part of that of the plaintiff in **Doehler Die Castings Co. v McNeely, 21 Oh Ap, 148, (3 Abs 559)**, the only differentiating facts being that in that case the decedent died of cerebral apoplexy superinduced by over-heating, instead of pneumonia caused by exposure to severe cold. The factual difference, however, is that the cerebral apoplexy in that case was caused by a ruptured blood vessel, an injury within the meaning of the Workmen's Compensation Act.

Interpreting the legal effect of the allegations of the amended petition of plaintiff to be as above stated, this court concludes that the judgment of the Court of Common Pleas should be and therefore is affirmed.

RICHARDS and WILLIAMS, JJ, concur.