AUGUST MATTHEWS, PETITIONER-DEFENDANT, v. TOWN-
SHIP OF WOODBRIDGE, RESPONDENT-PROSECUTOR.

Submitted January 21, 1936—Decided February 14, 1936.

Before Justices CASE and BODINE.

For the respondent-prosecutor, *William P. Braun.*

For the petitioner-defendant, *Matthew F. Melko.*

BODINE, J. August Matthews was a police officer assigned
to night patrol duty. In the very early morning of February
6th, 1934, prior to leaving his post he experienced numb-
ness in his fingers due to the cold. He testified that on the
way home his fingers felt as if they were going to break off.
He tried, as soon as possible, applications of cold water, but
nevertheless his hands became swollen and turned purple.
The trouble his physician diagnosed as frost bite. Gangrene
set in and some amputation was made necessary. Compensa-
tion was awarded in the bureau on the theory that injuries
due to frost bite were compensable. It is clear that the injury
arose out of and in the course of his employment. We hold
it was accidental.

In the case of *George* v. *Edward M. Waldron, Inc.,* 111 *N. J.
L.* 4; 166 *Atl. Rep.* 102, the Court of Errors and Appeals af-
firmed the Supreme Court, holding that sunstroke was com-
pensable where the injury arose out of and in the course of the
employment and where the risk was naturally connected with
and reasonably incident to the work that the employe was
doing, and where he was exposed to a far different risk than
the public generally. In that case, the employe was obliged

to labor for hours and was exposed to the heat of an exceptional summer day. In the present case, the injured employé was exposed to the cold of a winter morning. He could not seek shelter and was obliged to use his hands. He was exposed to a very different risk than the public generally, because he was obliged to remain on duty from six P. M. to four A. M. with a lunch hour between eleven and twelve midnight. The temperature chart for the period shows somewhat unusual cold at the time of injury. The circumstance that the injured man was exposed to further cold on his way to his home after the performance of his work does not alter the situation.

The bureau disregarded the proofs offered by the workman indicative of a greater disability than that testified to by the witness for the municipality. From our examination of the proofs, we are satisfied that the award, as made in the Court of Common Pleas, was proper.

The allowance made for medical expenses for the services of employé's physician was justified under the proofs before the bureau.

The writ, therefore, will be dismissed, with costs.