JEAN LANG, APPELLANT, V. GAGE COUNTY ELECTRIC COMPANY, APPELLEE.

275 N. W. 462

FILED OCTOBER 22, 1937. No. 30258.

*Hubka & Hubka,* for appellant.

*Jack, Vette & Lovewell, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

This is an action for compensation brought by Jean Lang, a dependent minor son, by Hazel Lang Henderson, his mother and next friend, on account of the death of his father, Leo Lang.

It is claimed in the petition that on or about October 17, 1936, while Leo Lang was wheeling rocks in a wheelbarrow out of the river near Blue Springs, Nebraska, over a temporary plank runway, he slipped and fell into the river and became soaked and wet; that he continued to work, was chilled, and contracted a severe cold which later developed into pneumonia, from which he died November 27, 1936, all as a result of the above-described accident.

Both the compensation court and the district court held against appellant, dismissing his respective petitions. The compensation court expressly held that the evidence did not substantiate the claim that Leo Lang's death resulted from accidental injuries arising out of and in the course of his employment. The district court did not give the explicit reasons for its decision but merely found against plaintiff on the evidence and dismissed the petition.

Lang was employed with others in clearing the channel of the river of rocks. His duty was to push a wheelbarrow loaded with rocks over a platform made of two twelve-inch planks on wooden horses from a point out toward the middle of the river to the low bank. The river was shallow, being two or three feet at the deepest point, and the platform or runway was a few inches above the water. There is some evidence that he slipped and one foot went off the platform into the water. He was wearing hip boots. It is not clear that he got wet, but there is some evidence indicating that he may have wet one leg. He complained that he injured his hip, to which he had received a previous injury. The wetting, if any, did not seem to attract much attention among his fellow employees. He finished the work that day and continued several days longer until that job was completed. About midnight of October 23 or the early morning of October 24, Dr. Hepperlen was called to attend him. He testified for plaintiff that the patient "appeared to have the flu. At that time he was complaining of having pain in his right hip, which he said was an old hip injury; that he thought he had caught the flu and the hip flared up and started giving him trouble, as it had previously." The patient was put to bed on the 24th and on the morning of the 27th was removed to the hospital. The immediate cause of death was pneumonia.

Dr. Hepperlen was the only medical witness. He testified that he did not know how long Lang had had the flu when he began to attend him on the 24th, that no one could tell definitely, and he did not think Lang told him. In answer to a hypothetical question, stating among other facts that on October 17 Lang fell "into the river and became wet, that water ran into one of his boots and the whole side of his body became wet on the left side," that he worked the next day, that on that Saturday night he came home and had a cold, the doctor expressed the opinion that the patient's condition when he first saw him was due to "exposure." Witnesses had testified that the weather was chilly. The temperature and statements as to the velocity of the wind are lacking in the evidence.

There is no doubt under the evidence that the cause of death was pneumonia, that when Lang first had medical attention he was suffering from influenza, and that was probably preceded by what is commonly called a "cold." Can it be said that, conceding the existence of these conditions in the evidence, it must follow that his death was primarily the result of an accident, as required by the compensation law?

The only accident claimed to have been suffered by the employee in the course of his employment was the slipping from the platform, on which he was pushing a wheelbarrow, into the shallow water. The statute defines an accident as follows: "The word 'accident' as used in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." Comp. St. 1929, sec. 48-152.

*Blair v. Omaha Ice & Cold Storage Co.*, 102 Neb. 16, 165 N. W. 893, is a very similar case. There the employee cleaned boiler flues for about a week. It was hot work and caused him to perspire freely. Then he went back to his former work of "pulling" ice—that is, of removing ice from the cans in which it is manufactured. This being in the winter did not take all his time. His claim was that "he was put to work, after the ice was pulled each day, to lower two pumps which were supported by brick pillars above the well outside of the building; that while engaged in this work water dripped upon him and he became very cold, the temperature being about 15 to 18 degrees below zero; and that, after having engaged in this work for about a week, he contracted sciatic rheumatism, became unable to work, suffered severe pain and was incapacitated from that time to the time of the trial." Judge Letton, who wrote the opinion, discusses the cases, distinguishes them, and holds that no compensable accident has been shown under the requirements of our statute.

It has not been shown in this case that such an accident

as described by statute was the inception of the cause of death. The employee may have taken his cold in many ways common to others in the same climate and circumstances. The judgment of the district court was right and it is affirmed.

Our conclusion on the point discussed renders it unnecessary to pass upon the appellee's challenge of the right of the mother to maintain the suit as next friend of the minor.

AFFIRMED.