No. 14,689.

OLSON *v.* ERICKSON ET AL.
(99 P. [2d] 199)

Decided February 5, 1940.

Mr. IRVING L. GREENWALD, for plaintiff in error.

Messrs. WOLVINGTON & WORMWOOD, Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workmen's compensation case based on an alleged accidental injury and resultant death of an employee. The Industrial Commission and the district court denied the claim for compensation on the ground that claimant, widow of deceased, "failed to sustain the burden of proof."

Claimant's contentions are that on February 17, 1939, her husband was working in the boiler-room of L. H. Erickson, his employer, wetting down ashes with a rubber hose when the nozzle, which was only taped or wired on, came off, and that as a result he was completely drenched with water; that shortly thereafter, and as a consequence thereof, he contracted pneumonia and died February 25, 1939. The employer was not notified of the illness and death of the husband until after the funeral. It is conceded by counsel for defendants in error that if claimant had established these contentions, the case would have been compensable. Therefore, the only question before us is whether the finding of the commission was supported by sufficient competent evidence, bearing in mind, as always, that claimant must establish the claim by a preponderance of the evidence.

The only eye witness to the so-called accident (nozzle coming off the hose and resulting wetting of employee) was one Diltz, stepson of the deceased, who testified that the nozzle came off in the manner alleged. However, earlier, he had given a signed statement to an investigator in which no mention was made of the nozzle incident, but from which it appeared that deceased got his feet wet from walking in water in the pit around the furnace, which was flooded because the hose was left turned on, and that deceased "had not had an accident of any kind." The employer testified that the hose had only been in use a few months, and that the nozzle screwed on and was not stuck in to, or taped or wired on to it, as claimed, although he admitted on cross examination that he did not know the condition of the hose on February 17th. He also testified that deceased was off work one day a few days prior to February 16th, because "he wasn't feeling good."

The record also discloses that the water around the boiler was ordinarily "about to his ankles," although Diltz said that it was about one half inch deeper on this occasion because of the nozzle coming off, and it was twenty or thirty seconds before he, Diltz, could turn the water off. Deceased continued working for some little time.

Only one doctor testified, and only to the extent that there "could be" a causal relationship between the alleged drenching and the subsequent contraction of pneumonia. When he filled out the death certificate, he stated that the contributing cause of death was influenza, and that the "disease or injury" was in no way related to the occupation of deceased. When questioned about the certificate, the doctor admitted that what he had written on the card was based upon his examination of the deceased, and the history of the case as given him. He also admitted that he fixed February 13th as the date of the attack of influenza, which it will be noted was three or four days before the alleged accident. On this

point claimant had stated, prior to the trial, that her husband "had a cold about a week before he got pneumonia."

We agree with the trial court that Mrs. Olson failed to establish her claim. This conclusion is not in conflict with the holdings in *Columbine Laundry Co. v. Industrial Commission,* 73 Colo. 397, 215 Pac. 870, and *Industrial Commission v. Swanson,* 93 Colo. 354, 26 P. (2d) 107, where claims were allowed. Suffice it to say, that in each of these cases the referee found for the claimant in the first instance. Both were pneumonia cases attributable to accident in the course of employment.

The issue here as to whether death resulted from accidental causes, in the final analysis, is one of fact, the finding, on conflicting evidence, being against the claimant. As indicated, there was competent evidence to support this finding, and we see no reason for disturbing it. *Newkirk v. Golden Cycle M. & R. Co.,* 79 Colo. 298, 244 Pac. 1019; *Elleman v. Industrial Commission,* 100 Colo. 120, 66 P. (2d) 323 (also pneumonia cases); and *Sonson v. Arbogast* (Ida.), 94 P. (2d) 672.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.