(No. 7177. November 1, 1944.)

S. A. STEVENS, Appellant, v. VILLAGE OF DRIGGS and
STATE INSURANCE FUND, Respondents.

(152 P. (2d) 891.)

Ralph L. Albaugh and Errol H. Hillman, for appellant.

Frank L. Benson and Paul C. Keeton, for respondents.

GIVENS, J.—Appellant was employed as marshal, water master, and fire chief of the Village of Driggs. About one o'clock the morning of January 8, 1943, appellant was called to a fire. He jumped out of bed, dressed, and ran three and one-half blocks to the fire station, the temperature at that time being four degrees below zero, and drove an open fire truck seven blocks to the fire. The firemen had difficulty in extinguishing the fire, and appellant worked as hard and fast as he could for approximately three hours. Appellant had not been suffering from any cold or bronchial trouble or lung disorder. His lungs started hurting him while he was running to the fire house, and he testified the smoke had a tendency to strangle him and make him cough. When he returned home he was coughing and miserable and cold. He went to bed and stayed at home for two or three days, during which time his entire chest hurt and he "coughed and felt like he had a terrible cold and headache." Four or five days after the fire, during a blizzard appellant worked with a dozer and cat trying to help keep the roads open. A few days later appellant consulted a doctor and obtained some medicine. His condition became worse, and he was found to be suffering from pleurisy, occasioning confinement in a hospital for 26 or 27 days. At the time of the hearing appellant was still having difficulty breathing and was coughing all the time.

The Industrial Accident Board found appellant's pleurisy was caused by exposure to the cold in going to and working at the fire and continued exposure afterward while working at keeping open the roads, and further that being exposed to cold in the Village of Driggs is not an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly, and that claimant's disease did not result directly from any personal injury caused by an accident, and denied compensation, hence the appeal from the board's order.

Appellant contends the exposure to the elements, the suddenness of the onslaught of the disease, and requisite exposure over and above that to which the general public

was subject, constitute an accident, urging that overexertion is comparable to a blow. If this be true, then any disease contracted by a workman during the course of his employment and occasioned or contributed to by conditions of his employment without any accidental feature whatever other than the unusualness of the occurrence would be sufficient to justify compensation.

*Sonson v. Arbogast,* 60 Ida. 582, 94 P. (2d) 672, held that pneumonia caused by a dairy employee's going back and forth between a cold, artificially refrigerated room and a hot room was not caused by accident, the court through Justice Ailshie saying:

"Under such circumstances, to say there was an accident would be to distort all definitions of the word and do violence to the common understanding of the language used by the legislature in writing sec. 43-1809, I. C. A."[1] [p. 585]

Likewise, *Hoffman v. Consumers Water Co.,* 61 Ida. 226, 99 P. (2d) 919, following and reaffirming the doctrine of *Sonson v. Arbogast,* supra, held that typhoid fever contracted by a workman while cleaning out a ditch did not constitute an accidental injury. The exposure here was to natural cold rather than artificial cold as in *Sonson v. Arbogast,* supra, and there are no more unusual or unexpected elements herein identifying the situation as an accident than in *Hoffman v. Consumers Water Co.* As indicated in *Sonson v. Arbogast,* supra, the line of demarcation, while not easy to draw or always a straight line, nevertheless must exist and persist.

The following cases, under somewhat similar circumstances, held the employee had not suffered an accident: *Lerner v. Rump Bros.,* 241 N. Y. 153, 149 N. E. 334, 41 A. L. R. 1122; *Ferris v. City of Eastport,* 123 Me. 193, 122 A. 410; *Costly v. City of Eveleth,* 173 Minn. 564, 218 N. W. 126; *Allith-Prouty Co. v. Industrial Commission,* 352 Ill. 78, 185 N. E. 267; *Micale v. Light,* 105 Pa. Super. 399, 161 A. 600; *Osterritter v. Moore-Flesher Hauling Co.,* 150

---

[1]"43-1809. Injury—Accident.—'Injury' or 'personal injury' includes death resulting from injury within two years after the accident but is not to be construed as being synonymous with accident. An 'injury' or 'personal injury' to be compensable must be the result of an accident."

Pa. Super. 236, 27 A. (2d) 262; *D'Oliveri v. Austin, Nichols & Co.*, 211 App. Div. 295, 207 N. Y. S. 699; *Lux v. Western Casualty Co.*, 107 F. (2d) 1002; *Biglin v. Pennsylvania Department of Labor and Industry*, 133 Pa. Super. 221, 2 A. (2d) 514; *Parks v. Miller Printing Mach. Co.*, 336 Pa. 455, 9 A. (2d) 742; *Lanphier v. Air Preheater Corporation*, 278 N. Y. 403, 16 N. E. (2d) 382; *Maryland Casualty Co. v. Clark*, Texas, 140 S. W. (2d) 890; *Gibson v. Frank Kuhn Co.*, 105 Pa. Super. 264, 161 A. 456; *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724; *Landers v. City of Muskegon*, 196 Mich. 750, 163 N. W. 43; *Peck v. Dugal G. Campbell, Inc.*, 297 N. Y. S. 670; *Lang v. Gage County Electric Co.*, 133 Neb. 388, 275 N. W. 462; *Slade v. Willis Hosiery Mills*, 209 N. C. 823, 184 S. E. 844; *Linnane v. Aetna Brewing Co.*, 91 Conn. 158, 99 A. 507; *Carter v. Priebe & Sons*, Mo., 77 S. W. (2d) 171; *Paxton v. Spicer Mfg. Corp.*, 45 Ohio App. 359, 187 N. E. 193; *Deardorff v. City of East Chicago, Ind.*, 50 N. E. (2d) 926; *Newkirk v. Golden Cycle Mining & Reducing Co.*, 79 Colo. 298, 244 P. 1019; *Cardwell Mfg. Co. v. Thomas*, 192 Okla. 143, 134 P. (2d) 562; *Hoag v. Kansas Independent Laundry*, 113 Kan. 513, 215 P. 295.

Cases which might be considered to be contrary, some of which are however distinguishable as noted, are likewise to be found. *Jones v. Philadelphia & Reading Coal & Iron Co.*, 285 Pa. 317, 132 A. 122; *Dondeneau v. State Industrial Accident Commission of Oregon*, 119 Ore. 357, 249 P. 820; *Warner v. Industrial Accident Commission*, 10 Cal. App. (2d) 375, 51 P. (2d) 897; *Joyce v. Luse-Stevenson,* 346 Mo. 58, 139 S. W. (2d) 918; *Suren v. Sunshine Mining Co.*, 58 Ida. 101, 70 P. (2d) 399; *Rinehart v. F. M. Stamper Co.*, 227 Mo. App. 653, 55 S. W. (2d) 729; *Pow v. Southern Const. Co.*, 235 Ala. 580, 180 So. 288; *Karp v. West 21st Street Holding Corp.*, 253 App. Div. 851, 1 N. Y. S. (2d) 399; *Broch v. Lehigh Valley Coal Co.*, 296 Pa. 502, 146 A. 899; *Sjoholm v. Hercules Powder Co.*, 227 Mich. 610, 199 N. W. 603; *Roth v. Locust Mountain State Hospital*, 130 Pa. Super. 1, 196 A. 924; *A. Breslauer Co. v. Ind. Comm. of Wis.*, 167 Wis. 202, 167 N. W. 256; *In re McPhee*, 222 Mass. 1, 109 N. E. 633; *King v. Buckeye Cotton Oil Co.*, 155 Tenn. 491, 296 S. W. 3; *Travelers' Ins. Co. v. Smith*, Texas, 266 S. W. 574; *Heisler v. Lincoln Realty Co.*, 121 Pa. Super. 516, 184 A. 305.

*Industrial Commission of Colorado v. Swanson,* 93 Colo. 354, 26 P. (2d) 107, while apparently sustaining respondent, is weakened, if not abrogated, on the point involved herein by *Olson v. Erickson,* 105 Colo. 489, 99 P. (2d) 199, which without even percursory analysis did not follow it.

It will be noted that *Yellow Cab Co. v. Industrial Commission,* 210 Wis. 460, 246 N. W. 689, was decided under a statute amended to include "any disability sustained" by an employee, retaining "no such limitation as may be deemed implied by the use in the former provisions of such words as 'injuries,' 'personal injury,' 'accidentally sustained,' * *."

The legislature by enacting the occupational disease statute in 1939 (Chap. 161, 1939 Sess. Laws, p. 286) has clearly indicated that a distinction is to be made between non-occupational diseases not occasioned by an injury arising out of an accident, and injuries arising out of an accidental injury producing a disease, the claimed basis for compensation. The situation here is of the former character.

The order is affirmed.

Holden, C. J., and Ailshie and Dunlap, JJ., concur.

BUDGE, J., dissenting.—The statement of facts in the majority opinion is substantially correct.

Appellant, prior to his injury, was entirely free from cold, bronchial trouble, or lung disorder and we can therefore say, with confidence, that prior to the morning of January 8, 1943, when appellant was called to a fire which, as fire chief, it was his imperative duty to respond, he was free from illness of any kind. He jumped out of bed, dressed, and ran three and one-half blocks to the fire station, the temperature being four degrees below zero, and his lungs started hurting him while he was running to the fire station. Upon arrival at the station he immediately drove an open fire truck seven blocks to the fire, and worked hard and fast for approximately three hours.

As stated in the majority opinion, appellant suffered an injury which had its inception when appellant's lungs started to hurt when he was running to the fire station; that the smoke at the fire had a tendency to strangle him and make him cough. As a result of appellant's injury he

was confined to his bed, his chest continued to hurt, he coughed, and had a terrible headache; that four or five days after the fire, during a blizzard, he worked with a dozer in an effort to keep the roads open. Later he consulted a doctor, was found to be suffering with pleurisy, and was confined in a hospital 26 days.

The board found appellant was suffering with pleurisy, caused by exposure to the cold, working at the fire, exposure while working trying to keep the roads open, but such exposure while resulting in an injury, was not an accident, not an unexpected, undesigned and unlooked-for mishap, or untoward event, happening suddenly; that claimant's disease did not result directly from any personal injury caused by an accident arising out of and in the course of his employment, and denied compensation upon the theory that the exposure to the cold and the resultant injury was not peculiar to the work being done by appellant, but was common to all people within the vicinity of appellant's employment.

The majority opinion holds, in effect, that appellant's exposure to the elements, *the suddenness of the onslaught of the disease,* and requisite exposure incidental to his employment over and above that to which the general public was subject, did not constitute an accident. Otherwise stated, there was no accidental feature connected with the injury sustained by appellant.

In my opinion the above contention is not supported by, nor within the terms or spirit of the Workmen's Compensation Law, nor a liberal construction thereof. (*Olson v. U. P. R. R. Co.,* 62 Ida. 423, 112 P. (2d) 1005, and cases therein cited.) It is conceded that the inception of the disease struck appellant suddenly; that his lungs started to hurt almost immediately, or very shortly after he left his home; that appellant's pleurisy was caused by the exposure to the cold in going to, and working at, the fire. The accident, which was sudden, unexpected, undesigned and unlooked-for, happened when the extreme cold to which he was exposed, incidental to his employment, suddenly affected his lungs, and was comparable to a blow to his body inflicting a severe physical condition resulting in pleurisy.

It seems clear that by reason of the nature of the employment of appellant, to-wit, fire chief, it placed him in a position where he was specially and peculiarly subject to

a risk and danger not shared by members of the community, generally, and that it is immaterial that people in the community might or could have been afflicted in the same manner as appellant. As before stated, "it was because he was so employed that the appellant was exposed to the risk, and I see no reason for excluding his case from the words of the statute, because you can discover other people whose employment similarly exposed them. Upon that principle no man could recover if you could show that a group of other people were exposed in the course of their employment to similar risks. The man would have to be a rara avis indeed, on such a doctrine, before he could succeed." (*Nikkiczuk v. McArthur,* 9 Alberta L. R. 513; *Nickolson v. Roundup Coal Min. Co.,* (Mont.) 257 P. 270.)

The rule is generally recognized that if an employee by reason of his duties is exposed to a special or peculiar danger from the elements, that is, one greater than other persons in the community, and an unexpected injury is sustained by reason of the elements, the injury constitutes an injury arising out of and in the course of the employment within the meaning of the compensation act. Other persons in the community were not required, as an official duty or otherwise, to expose themselves to a special or peculiar danger from the elements. Therefore, appellant's exposure and sudden and unexpected and unforeseen injury sustained, coupled with the unusual maximum physical strength in fighting the fire, precipitating and resulting in pleurisy was an industrial accident resulting in injury arising out of and in the course of his employment. (See Note, 13 A. L. R. 974; Note, 83 A. L. R. 234; *Matter of Lurye v. Stern Bros. Dept. Store,* 275 N. Y. S. 182; *Robbins v. Enterprise Oil Co.,* 299 N. Y. S. 837.)

*Stover v. Washington County,* 63 Ida. 145, 118 P. (2d) 63, was a proceeding brought by decedent's widow before the Industrial Accident Board to recover for the death of her husband, a county commissioner, who was fatally injured by accident while on his way from his home to attend a meeting of the board of county commissioners of Washington County. The only issue presented was whether Stover suffered a personal injury by accident arising out of and in the course of his employment by Washington County within the meaning of the Workmen's Compensation Law. The board denied the claim for compensation and dismissed the application. The order was set aside upon

appeal. Respondents contended the order of the board should be upheld upon the ground that an employer is not liable for an accident and resultant injury to an employee where the accident occurred while the employee was traveling to or from his place of work on the public highway or elsewhere not on the premises of the employer. In discussing the above contention this court used the following language:

"The rule contended for by respondents is well established by the authorities in this state. Those cases, however, apply to employees working for individuals or private corporations in purely proprietary business. *It is believed there is a material difference between that class of employees and his employment on the one hand, and the employment of a county commissioner,* whose duty is prescribed by law and who is required to look after and supervise the government and business affairs of the county, in collaboration with his associates on the Board." (emphasis mine)

It is clear that the business of the employer, Washington County (here the Village of Driggs) was the cause and active incentive for decedent starting on the trip that morning to the court house. Except for the employment he would not have been on that trip, therefore it was an increased hazard incidental to his employment, and not common to all the people within the vicinity of his employment.

It was the business of appellant and the active incentive that caused him to leave a warm bed, to suddenly and unexpectedly expose himself to the bitter cold weather, to run three and one-half block to the fire station, drive an open fire truck to the scene of the fire, exert his physical strength to its utmost capacity for three or four hours in the performance of his duties, and while in the performance of such duties he was struck with a sudden pain in his chest, resulting in pleurisy, and except for this employment, coupled with an imperative duty, he would not have been exposed to the weather or the excessive physical exertion, from which unexpected, undesigned and unlooked-for mishap he suffered said injury. Had he been a county commissioner in the discharge of his duties, he would have been entitled to compensation under the authority above cited, but being a fire chief in the performance of his duties he is denied compensation. Had he been a policeman walking his beat in the performance of his duties and froze his feet,

he would have been entitled to compensation. (*Riley v. Boise City*, 54 Ida. 335, 31 P. (2d) 968; *Matthews v. Woodbridge Tp.*, (N. J.) 183 Atl. 150.)

It is conceded that the pleurisy suffered by appellant was due to exposure to the extreme cold weather to which he was subjected, but it is contended that while there was an injury, there was no accident; that appellant was exposed to no greater accidental risk than that to which the general public was subjected, which, being true, did not constitute an accident. That contention was not tenable in *Stover v. Washington County*, supra, where the commissioner, when he met with fatal accident, was discharging his official duties. It was not tenable in *Riley v. Boise City*, supra, where the policeman froze his feet while walking his beat in the discharge of his official duties; neither was that principle applied in *Stilwell v. Aberdeen-Springfield Canal Co.*, 61 Ida. 357, 102 P. (2d) 296, wherein it was held the evidence sustained an award on the ground that the operator of a drag-line sustained a compensable injury by accident resulting from exposure to severe wind blowing through a broken window glass, and that such accidental injury arose out of and in the course of his employment within the compensation act.

Where one in the course of his employment is reasonably required to be at a particular place at a particular time, and there meets with an accident, such accident arises out of and in the course of his employment, although any other person at such place would have met with such accident irrespective of employment. The employment and the nature of the employment of appellant was not common to the neighborhood. Holding an official position, his duties required him when notified of the fire, to reach the fire station at the earliest possible moment. The injury caused by the sudden contact with the extreme cold air inflicted upon his body a sudden injury, evidenced by pain and subsequent suffering. The character of his employment was such as to intensify the risk of injury, and resulted in the injury and arose out of and in the course of his employment.

*Eagle River B. & S. Co. v. Industrial Comm.*, 199 Wis. 192, was a case where a seventy year old man froze his foot while loading a sleigh in zero weather. In sustaining an award in that case the court said:

"That liability attaches where the 'injury grew out of

and was incidental to the employment.' * * * We think that is the fundamental idea of the compensation act. The injury is compensable when it results from a hazard incidental to the industry. The injury in the instant case clearly grew out of and was incidental to the employment. It makes no difference that the exposure was common to all out-of-door employment in that locality in that kind of weather. The injury grew out of that employment and was incidental to it. It was a hazard of the industry."

In *Dondeneau v. State Industrial Acc. Commission,* (Ore.) 249 P. 820, it was held that an employee while fighting fire contracted inflammation of his eye which developed into glaucoma, induced by heat, smoke and over-exertion, held to have sustained injury by "accident." Events are called "accidents" because they are not anticipated, not expected, unusual, and out of the ordinary.

When appellant was suddenly exposed to extreme cold weather, and exerted himself to reach his post of duty, drove an open fire truck to the scene of the fire, exerted his physical strength to its utmost capacity for three or four hours in the performance of his duties, and while so doing was struck with severe pain in his chest resulting in pleurisy, it was such an event called an "accident," not anticipated, not expected, not usual or ordinary.

In my opinion the order of the board denying appellant compensation should be reversed and the cause remanded with instruction to enter an award of compensation in favor of appellant.