217 P.2d 860

**MOULTON v. GREGOR MINES, Inc., et al.**

**No. 7595.**

Supreme Court of Idaho.

April 25, 1950.

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for appellants.

Jack B. Furey, Challis, for respondent.

HOLDEN, Chief Justice.

Claimant Moulton at the times hereinafter mentioned was an employee of Gregor Mines, Incorporated. While trucking a load of ore concentrates from Shoup, Idaho, to Salt Lake City, Utah, on or about February 15, 1948, mechanical trouble developed in the transmission. To repair the truck claimant placed a canvas on the snow beneath the truck, working several hours, then proceeded on as far as Malad, Idaho, for the night, driving on to Salt Lake the next day. On the return trip he stopped at Blackfoot, Idaho, where he treated himself for a severe cold. Upon his return to Shoup he reported for work but was unable to work due to his severe cold and was placed in a hospital at Salmon, Idaho, where he was found to be suffering from bronchial pneumonia. Claimant was treated for three days, but later was re-admitted remaining twelve days. It developed at the hearing claimant was suffering from a pre-existing arthritic condition. Following the hearing of respondent's claim the Industrial Accident Board awarded compensation on the ground claimant had suffered an accident arising out of and in the course of his employment. From such award employer, Gregor Mines, Incorporated, and State Insurance Fund, surety, appeal.

It is contended by claimant's employer and the State Insurance Fund, surety, that "Pneumonia contracted as a result of exposure [as in the case at bar], while performing duties in the course of employment, is not an accident arising out of and in the course of employee's work, but is a non-occupational disease which is not compensable."

In support of that contention our attention is directed to Stevens v. Village of Driggs, 65 Idaho 733, 152 P.2d 891, and Sonson v. Arbogast, 60 Idaho 582, 94 P.2d 672.

In Stevens v. Village of Driggs, supra, where pleurisy was contracted as the result

of exposure, this court held: "Pleurisy contracted as a result of exposure to below zero weather by compensation claimant while performing his duties as village marshal, water master and fire chief, which exposure and cold was not unusual or unexpected, was not caused by 'accident' but, was a 'nonoccupational disease' and not compensable."

In Sonson v. Arbogast, supra, where streptococcus pneumonia was contracted by a "plant man" while employed in a dairy, this court held: "Streptococcus pneumonia causing death of dairy employee was not caused by 'accident' so as to make the death compensable, notwithstanding evidence that sudden changes in temperature incurred in the course of employee's duties made the disease a natural consequence of the work, in absence of showing that there was some noticeable mishap, fortuitous incident, or sudden or manifest change in working conditions."

The facts in the instant case, hereinbefore stated, clearly bring it within the rule announced in Stevens v. Village of Driggs, supra, and Sonson v. Arbogast, supra.

It follows therefore that the order of the Board awarding compensation must be reversed and it is so ordered, with directions to the Board to dismiss the proceeding. Costs awarded to appellants.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.