Before State Industrial Commission, Respondent.

In the Matter of the Claim of Ermelinda Tucillo, Respondent, for Compensation to Herself and Children, under the Workmen's Compensation Law, for the Death of Her Husband, John Tucillo, *v.* Ward Baking Company, Employer, and Ocean Accident and Guarantee Corporation, Limited, Insurance Carrier, Appellants.

Third Department, November 28, 1917.

Workmen's Compensation Law — sufficiency of evidence establishing death resulting from injuries — when death from cardiac condition not hastened or directly caused by operation for hernia.

To establish the fact that death resulted from an injury, it is not sufficient to prove that the person received the injury; that an operation was performed on account thereof, and that, after he had apparently recovered from the effect of the operation and the anaesthetic, he died from a disease which existed before the injury.

Evidence examined, and *held*, insufficient to establish that an operation for hernia or the anaesthetic hastened the death of the claimant's intestate from chronic myocarditis arteriosclerosis, from which he had suffered for some time prior to the operation.

Kellogg, P. J., dissented.

Appeal by the defendants, Ward Baking Company and another, from an award of the State Industrial Commission, dated on the 6th day of June, 1917.

*Norman G. Hewitt* and *Robert H. Woody*, for the appellants.

*Merton E. Lewis, Attorney-General,* and *Robert W. Bonynge,* counsel to the Commission, for the respondents.

SEWELL, J.:

The Commission found as conclusions of fact that on the 28th day of February, 1916, while the deceased was doing some heavy lifting under a boiler, and in consequence thereof, he received an injury which resulted in a right inguinal hernia; that after an examination by Dr. Fisher, a physician provided by the insurance carrier, an operation was performed by him on account of the hernia about March 19, 1916; that " The deceased made a fair recovery from said operation, the wound having healed by primary intention, and the patient was able to be about, although in a weakened condition," and that three weeks after the operation his condition became such that he had to take to his bed and he died April 26, 1916.

The Commission also found that at the time of the operation, and for some time prior thereto, the deceased suffered with chronic myocarditis arterioschlerosis which condition contraindicated the operation and the anaesthetic administered therewith; that the operation and the anaesthetic so weakened and debiliated deceased as to light up and hasten his previously diseased cardiac condition to a fatal close, and that " The injuries which resulted in the death of John Tucillo were accidental injuries, and arose out of and in the course of his employment."

The appellants contend that the facts found are not supported by the evidence in so far as they relate to the cause of death. It cannot be denied that the proof fails to support the theory that the hernia accelerated or aggravated the cardiac condition of the deceased or that it was the direct cause of his death. All the evidence in the case negatives that idea. To my mind the evidence also fails to show that the operation or the anaesthesia hastened his death.

There was much testimony given before the Commission as to the condition of the deceased before and after the operation, but neither of the two attending physicians, nor any one of the four other physicians called by the insurance carrier to testify as experts, was willing to express the opinion that the operation or the anaesthesia was the cause of death or that the deceased would not have died of myocarditis the time he did if the operation had not been performed. On the other hand, two of these testified that they did not think the

operation or the anaesthesia accentuated or accelerated the disease or hastened the death of the decedent. It is also to be observed that Dr. Lewy in his first report to the Commission said: " It is very difficult to state whether the operation for the hernia had debilitated claimant to such an extent that the latent pathological conditions of the heart and blood vessels have been acutely exacerbated and thereby have caused premature death; " and in his second report that " I am not able to consider that death was caused either by a hernia nor in consequence of the operation."

Subdivision 8 of section 3 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) provides that " ' Death ' when mentioned as a basis for the right to compensation means only death resulting from such injury." To establish the fact that a death resulted from an injury it is clearly not sufficient to prove that the person received the injury; that an operation was performed on account thereof, and after he had apparently recovered from the effect of the operation and the anaesthesia he died from a disease that existed before the injury.

My conclusion is that the award appealed from should be reversed and the claim dismissed.

All concurred, except KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.