Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of BARBARA B. FOLTS, Widow, Respondent, for Compensation to Herself and Two Minor Children, under the Workmen's Compensation Law, for the Death of Her Husband, DANIEL M. FOLTS, *v.* WILLIAM S. ROBERTSON, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, June 30, 1919.

Workmen's Compensation Law — claim for death of driver of lumber sleigh — accident arising out of and in the course of employment — evidence not overcoming presumption created by section 21 — failure to give notice of death — notice to or knowledge of employer.

A driver of a lumber sleigh claimed that his injuries were caused as follows: " I was lifting rear end of sleigh I was drawing lumber on. Runners stuck and suddenly gave way, throwing me off my balance and causing me to fall to my knees with weight of sleigh on me. * * * My left side was hurt above the hip so that I could not lift left arm or use left shoulder, and I could not breathe freely or without severe pain in that side." There was no external sign of injury. There was evidence that the remote cause of the death of said driver was the injury to his side and that the immediate cause was lobar pneumonia and traumatic gangrene of the lungs.

*Held,* that the evidence was sufficient to establish an accident arising out of and in the course of employment;

That an award was amply corroborated by facts, circumstances and evidence other than the declarations of the deceased, and that no substantial evidence was offered to overcome the presumption created by section 21 of the Workmen's Compensation Law.

The employer and insurance carrier were not prejudiced by the failure of the widow to give notice of death.

Notice to or knowledge of the employer is notice to and knowledge of the carrier.

APPEAL by the defendants, William S. Robertson and another, from an award of the State Industrial Commission, made and entered in the office of said Commission on the 12th day of December, 1918.

*William H. Foster,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent Industrial Commission.

*McKelvey & Stenacher* [*George H. Stenacher* of counsel], for the claimant, respondent.

LYON, J.:

Daniel N. Folts suffered injury March 7, 1917, and died April 18, 1917. He was employed as the driver of a lumber sleigh. His claim, made April thirteenth, stated his injuries as follows: " How did accident happen? I was lifting rear end of sleigh I was drawing lumber on. Runners stuck and suddenly gave way, throwing me off my balance and causing me to fall to my knees with weight of sleigh on me. State fully nature of injury? My left side was hurt above the hip so that I could not lift left arm or use left shoulder, and I could not breathe freely or without severe pain in that side."

The defendant claims that it is not liable to make compensation to the claimants under the principles of law laid down in *Matter of Carroll* v. *Knickerbocker Ice Co.* (218 N. Y. 435); *Matter of Belcher* v. *Carthage Machine Co.* (224 id. 326), and *Tucillo* v. *Ward Baking Co.* (180 App. Div. 302) upon the ground there is no competent evidence that the deceased received an accidental injury in the course of his employment.

There was no external sign of an injury. Whether or not there was tenderness to touch is uncertain. Dr. Varney, who was the attending physician, stated June 8, 1917, " Tenderness to touch not present," and in his testimony on August 11, 1917, he says the statement was signed with full knowledge of facts in the case and is true. In the preceding attending physician's report of date May 5, 1917, he says in answer to the question, " Give an accurate description of the nature and extent of the injury? Nothing to be seen. Examination revealed tenderness lower part of lung on left side; developed pneumonia, lobar. Gangrene of lung."

In order to get an understanding of the case, it will be necessary to review the facts in detail. Upon the day of the accident Folts notified the employer of the nature of the

injury. He also told a fellow-employee at the time. Upon going home he complained that he had strained his side in lifting the sleigh. He was unable to lift a weight with his left arm. He bathed his side with liniment. On the following day, Thursday, he went to work. On Friday he was obliged to stop work before noon. His wife put a mustard paste on. On Saturday, which was a busy day, he took his oldest boy and went to work. On the following day, Sunday, he was in bed. On Monday he was unable to work. On Tuesday, the thirteenth, he called the family physician. The doctor found him suffering from tenderness of the lower part of the left lung. He placed adhesive strips upon him, and left him cough medicine. In answer to the question, " When did he tell you anything about this injury? You went to him March 13th, strapped him up and told him to go to bed? A. He must have told me the same day or I would not have strapped him up." His temperature was 101 or 102 degrees. He sat bolstered up in a chair supported by a pillow. Dr. Varney saw him again March seventeenth. His cough kept growing worse and pneumonia developed. Counsel was called in, and he appeared better until about April fourteenth. He was apparently improving when he was suddenly taken worse and died on April eighteenth. The doctor diagnosed his ailment as " Pleurisy, followed with lobar pneumonia. Traumatic gangrene of lungs."

The claim is resisted mainly upon two grounds; the first is the failure of proof of an accident arising out of and in the course of employment; and secondly, that the employer and insurance carrier were prejudiced by the failure to give notice of the accident, and to give notice of death.

In *Matter of Carroll* v. *Knickerbocker Ice Co.* (*supra*) there was introduced the testimony of persons who were present at the time the accident was claimed to have been received, who testified that no cake of ice slipped and struck the decedent. Thus, the presumption created by section 21 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) was overcome by substantial evidence. In this case there was no such contradictory testimony. In *Matter of Belcher* v. *Carthage Machine Co.* (*supra*) it was held that an award could not be sustained founded upon hearsay

Third Department, June, 1919.          [Vol. 188.

evidence, where there were contradictory statements made by the deceased, and other proof inconsistent with the claim. In *Tucillo* v. *Ward Baking Co.* (*supra*) it was held that the evidence failed to support the finding as to the cause of death, and that all the evidence negatived it.

On April thirteenth, five days before his death, the deceased verified the disability claim later filed with the Commission. That he was suffering from the strain is apparent. Dr. Varney says the pleura was injured, the covering to the lungs, and that the lung broke down *en masse;* that the remote cause of death was the injury to his side, and that the immediate cause of death was lobar pneumonia, and traumatic gangrene of the lungs. The following question was asked Dr. Varney and the following answer given: " Are the symptoms from which he is suffering due entirely to this injury? Yes." At the hearing held August 11, 1917, he testified in answer to the question: " Would you in any way, from a medical viewpoint, be able to connect up strain, if such a strain happened on March 7, with traumatic gangrene of the lungs? A. Yes. Q. When you say traumatic gangrene, do you mean a blow? A. It was due to the original injury." Dr. McKenna gave it as his opinion that Folts may have died as the result of the injury. " The pleura, of course, is in intimate contact with the outer portion of the lung surface. An injury causing an inflammation, thereby lowering the vitality of the individual sustaining the trouble, might readily destroy the lung tissue and these germs could go ahead and do their part. * * * I say if your hypothesis is true, then the injury was the determining cause of the disease which brought on this man's death." Dr. Lewy, the chief medical examiner of the Commission, said: " Although I am not of the opinion that the pneumonia and ultimate gangrene of the lung was caused by the injury, I can readily understand, and call the attention of the Commission, that if the strain can be proven to the satisfaction of the Commission by the description of the alleged accident, namely, the lifting of sleigh, and considering the reduced resisting power in consequence of age, possibly a previous existing pulmonic condition, then the injury could have been the contributing factor in markedly reducing his vitality and lowered his resisting power, and

therefore claimant ultimately died of the complications which followed the traumatic pleurisy." I think the award in this case was amply corroborated by facts, circumstances and evidence other than the declarations of the deceased, and no substantial evidence was offered to overcome the presumption created by section 21.

Were the employer and insurance carrier prejudiced by the failure of the widow to give notice of the death? As we have seen, immediate notice was given of the accident. The employer was in constant touch with deceased during the whole of his last sickness. Days when he did not call in person he used the telephone and also talked with the doctor. The employer had notice the day he died. The son saw him. The employer testified, " I went to see him two or three days after he died. Q. Shortly after you saw the widow and the family? A. Yes. * * * They spoke about compensation." In answer to the question, " You don't claim, Mr. Robertson, that any lack of any notice of this injury has been prejudicial to you? " the employer answered " No." In fact it could not have been prejudicial to either the employer or insurance carrier. Notice to or knowledge of the employer is notice to and knowledge of the carrier. Dr. McKenna testified that in his opinion an autopsy would not have shown whether the man died as the result of a strain. An autopsy might not show anything. Probably at the time the autopsy would be absolutely negative. Not only that but the employer's first report of injury is signed May 7, 1917, which was within twenty days of the employee's death. Mrs. Folts was ill immediately following his death. The award was made, but was rescinded April 2, 1918. Additional testimony was taken on January 29, 1919, and the award appealed from was made. An opinion was written by Commissioner Sayer which was adopted as the opinion of the Commission. (See 18 State Dept. Rep. 579.)

The award should be affirmed.

Award unanimously affirmed.