Weeks, Appellant, *v.* Lehigh Portland Cement Co. et al.

Argued December 10, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Calvin F. Smith,* and with him *Francis 'H. S. Ede,* for appellant.

*A. Albert Gross,* and with him *Asher Seip,* for appellees.

Opinion by Cunningham, J., February 1, 1935:

On October 31, 1929, the claimant, while in the course of his employment, received an accidental blow upon the right side of his abdomen. The controlling question in the case is whether such disability as the claimant may have suffered since that time was shown to be attributable, in any degree, to that accident.

It was established by competent medical evidence

that claimant prior thereto and at the time of the accident had a duodenal ulcer; his contention was that it had been so aggravated by the accident as to cause total disability. After a full hearing on his claim petition, Referee Eaches found against him on that issue and disallowed compensation. Upon his appeal, the board, under date of October 5, 1931, reversed the referee and made an award for total disability, at the rate of $15 per week, from May 6, 1930, the last date upon which claimant worked for the defendant company.

The material finding of the board read: "2. On October 31, 1929, the claimant was pushing at two handles of a two-wheeled truck, laden with about seven hundred pounds of cement, into a railroad car, when the wheels accidentally fell with the truck and its burden into a hole in the floor of the car. A handle of the truck struck the claimant in the right side of his stomach, so aggravating a pre-existing condition of duodenal ulcer as to cause him to become totally disabled on May 6, 1930."

Upon appeal by the employer and its insurance carrier to the Court of Common Pleas of Northampton County, it was correctly held that the question of law involved was whether there was sufficient competent evidence to support the action of the board. Upon examination of the record, the court found there was sufficient evidence to sustain the finding that claimant had a duodenal ulcer, which had existed for some time prior to the accident, and then turned to the consideration of the serious question whether, even assuming that the accident had aggravated the ulcer, total disability had resulted therefrom.

Reference was made in the opinion to the claimant's own testimony that in June, 1930, he began running a road stand, out of which he was "just about making a living." After pointing out that (except in the particular cases defined in Section 306c) there is no liabil-

ity to pay compensation for disability, unless it results in a total or partial loss of earning power, and directing attention to the fact that the testimony of claimant negatived the finding by the board of total disability, the court below sustained the exceptions to the finding of total disability and made an order, under date of December 7, 1931, remitting the record to the board "for further hearing and determination of the matter, whether claimant is entitled to compensation for total disability or to compensation for partial disability." It seems quite clear to us that this order was made under the provisions of the paragraph of Section 427 of the amendatory Act of June 26, 1919, P. L. 642, 665, which authorizes the remitting of the record "for further hearing and determination" when the common pleas sustains the appellant's exceptions to a finding or findings of fact and reverses the action of the board founded thereon. Just as clearly, the order was not made under the other provision of that section authorizing the common pleas to remit the record to the board "for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal." The question here was not the sufficiency of the *findings* but the sufficiency of the *evidence* to sustain them. The whole case, therefore, went back to the board for further hearing and determination; the appeal did not remain in the common pleas as would have been the case if that court had merely directed the making of more specific findings of fact: Driscoll v. McAlister Bros. Inc., 294 Pa. 169, 144 A. 89.

When the case reached the referee for the second time he held a further hearing, as a result of which he found claimant had a partial disability from the accident but had declined to submit any competent evidence of its extent.

The referee's third and fourth findings of fact read:

"(3) Claimant since May 6, 1930, or a short time thereafter has been engaged with his wife in operating a road stand. They have promoted dances at this road stand and claimant personally has collected fees from the patrons for the privilege of dancing. He has served patrons with beverages, made sandwiches, which he served them, and other light lunch, as well as candy. He was assisted by his wife and a friend in carrying a wood-burning stove from a truck up the stairs at this road stand and setting it up for use. This stove weighed in the neighborhood of two hundred and fifty pounds.

"(4) Claimant as we have found is partially disabled. He has an earning power. What it is he has failed to establish, though your referee attempted to make suggestions, as an aid to establishing his earning power, which were rejected."

The referee also found claimant had paid doctor bills within the period fixed by the act in the sum of $25. In view of the failure of claimant "to establish his earnings for the work he has been doing subsequent to May 6, 1930," the referee made an award, under date of February 25, 1932, of $25 for his medical expenses and directed that payments of compensation be suspended, as of May 6, 1930, "until such time as [claimant] establishes by competent evidence, his earning power" etc.

Upon appeal by claimant, the board, after reviewing the evidence, partially reversed the referee, saying: "There is some loss, however, for it does not appear that the claimant could conduct this business without the assistance of others, and it does not appear that by his own efforts he could have earned a sum equivalent to the wage he was receiving prior to the accident and injury. We will approximate this loss at five per cent, not to exceed a period of 300 weeks allocated for partial disability, awarding to the claimant the sum of $1.50 per week."

Thereupon, claimant again appealed to the common pleas. In an opinion filed under date of October 10, 1932, the court below, after carefully reviewing the evidence and considering the applicable authorities, correctly said: "The approximation [by the board] in this case is based on nothing appearing in the evidence." Accordingly, the court again reversed the action of the board because it was not sustained by any competent evidence and again remitted the record to it, "for further hearing and determination."

The board on November 18, 1932, set aside "all prior findings of fact" and again referred the case to the referee to determine whether the accident aggravated the duodenal ulcer, and, if so, to determine "the degree of loss of earning power sustained, and file an appropriate award."

From this order, which was clearly within the power of the board and purely interlocutory, the claimant again appealed to the common pleas; that tribunal properly quashed his appeal on January 30, 1933.

The case came on for a third hearing before Referee Eaches, who took additional testimony and made, inter alia, the following finding of fact: "(4) That claimant's duodenal ulcer condition was neither caused nor accelerated by the incident in which the right side of his abdomen was struck by a handle of the truck he was operating. Nor did this incident cause him any disability whatsoever." An order disallowing compensation was entered by the referee on April 20, 1933.

Upon claimant's appeal to the board from this order, the disallowance was affirmed and claimant's appeal dismissed.

Then followed claimant's final appeal to the court below. In the course of the opinion disposing of this appeal, on October 9, 1933, by dismissing the claimant's exceptions and affirming the disallowance of compensation, the court below said: "We can say that

after having re-read the testimony taken in this case and the additional testimony taken on April 12, 1933, we agree with the final disposition of this case. It will not be necessary to repeat what we have said in prior discussions. Even if we did not agree with the referee and the board's disposition of the case, it being supported by competent evidence, we are bound by the findings of fact, and there is nothing in the exceptions as to the findings of fact and conclusions of law which requires more discussion than we have heretofore given them.''

The present appeal to this court is from the foregoing final disposition of the case by the court below and is entirely lacking in merit. Each time the case was before the court below, President Judge STEWART of that court wrote a clear and comprehensive opinion, demonstrating that every question raised by either party on each appeal had been fully and conscientiously considered and the authorities carefully examined. In our opinion, every order of the court below was properly made and was fully justified by the provisions of the statute, as construed by our appellate courts. All the trouble arose out of the erroneous action of the board in making awards, upon two occasions, without any competent evidence to support them.

The order of October 9, 1933, is affirmed.

President Judge TREXLER took no part in the disposition of this appeal.