■ In the Matter of the Claim of HILDA Y. SPEAR, Respondent, against BROCKWAY MOTOR COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of disability and death benefits made by the Workmen's Compensation Board to the widow of a deceased employee. Appellants have conceded the original accident, notice and causal relationship, which were incidental to the operational repair of a recurrent hernia on April 15, 1953. The only issue on appeal is whether the board had substantial evidence to support a finding that the hernia operation so aggravated decedent's heart condition so as to contribute to the cause of his death. There is substantial medical testimony

to the effect that decedent had a serious heart condition prior to the operation. Prior to the actual operation he was given a spinal anaesthesia together with pentothal. There is also medical testimony to the effect that the anaesthesia used was not a good choice for a cardiac patient and that under the circumstances special precautions should have been taken to guard against the strain of surgery. Four days after the operation increased heart symptoms developed which, in the opinion of at least one physician, were definitely due to damage sustained by the heart at the time of the operation. This physician and also another one testified that in their opinion the surgery performed, and the manner thereof, was a definite aggravating factor in the progressive course of heart trouble which decedent suffered until the day of his death, and a contributing cause thereof. Decedent's operation took place on April 15, 1953 and he did not die until September 19 of the same year. This lapse of time might give pause to a trier of the facts as to whether or not the medical testimony of causal relation was in the realm of speculation, but the whole issue is factual in nature and the testimony of the physician as to causal relation is reasonably clear. We cannot say that the board should have rejected it as a matter of law. This case is distinguishable from the facts cited in *Tucillo* v. *Ward Baking Co.* (180 App. Div. 302). In that case there was no substantial testimony to the effect that an improper anaesthesia was administered or that the operation hastened the claimant's death. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.