## Richmond

Norma G. Robinette and Stacy Allen Robinette, an infant v. Kayo Oil Company and Twin City Fire Insurance Company.

December 1, 1969.

Record No. 7073.

Present, All the Justices.

*Carl W. Newman* (*R. C. Shannon; Shannon and Newman*, on brief), for appellants.

*Leslie M. Mullins* (*Greear, Bowen, Mullins & Winston*, on brief), for appellees.

Cochran, J., delivered the opinion of the court.

This appeal brings under review an order of the Industrial Commission finding that the death on February 7, 1967 of Fred Allen Robinette was not the result of either accidental injury or occupational disease within the purview of the Workmen's Compensation Act, and denying compensation to his widow and child.

It is conceded by claimants that Robinette's death was not caused by occupational disease as defined in the Act and that their right to recover depends entirely on proof that death resulted from "injury by accident".

The record shows that claimants' decedent at the time of his death

had been employed since the preceding August as an attendant at a gasoline service station in Coeburn, Virginia operated by defendant Kayo Oil Company. He normally worked from 6:00 o'clock, A.M., until 3:00 o'clock, P.M. For several days prior to his death Robinette worked without boots, overshoes or raincoat in rainy, snowy and cold weather during which there was standing water around the gasoline pumps. He last worked on February 6, 1967, then returned home, told his wife that he felt he was "taking the flu" and went to bed. The next evening he died and, according to the medical examiner, the immediate cause of death was "Respiratory Failure secondary to Acute Bilateral Pneumonia, probably viral in type".

The Commission found that "the evidence before us establishes to our satisfaction that the respiratory disease responsible for Robinette's death developed as a result of his exposure to the elements during the days immediately prior to his death."

Under Code sec. 65-94* findings of fact by the Commission, if supported by credible evidence, are conclusive and binding upon this court. *Conner v. Bragg*, 203 Va. 204, 206, 123 S. E. 2d 393, 394 (1962). There was credible evidence to support the Commission's finding as to the cause of death and we therefore accept it as conclusive.

Code sec. 65-7 provides that "Unless the context otherwise requires, 'injury' and 'personal injury' mean only injury by accident, or occupational disease as hereinafter defined, arising out of and in the course of the employment and do not include a disease in any form, except when it results naturally and unavoidably from either of the foregoing causes."

The question presented by this appeal is this: Is Robinette's death from pneumonia caused by his exposure to the elements arising out of and in the course of his employment an "injury by accident" under the Act, so as to entitle claimants to compensation?

This court has construed the Act to cover those cases where death was caused by pneumonia resulting from accidental injury arising out of and in the course of employment. *Bristol Builders Supply Company, Inc. v. McReynolds*, 157 Va. 468, 162 S. E. 8 (1932); *Justice v. Panther Coal Co., Inc.*, 173 Va. 1, 2 S. E. 2d 333 (1939). In the *McReynolds* case the employee accidentally had a splinter embedded in his arm. The wound became infected and the Industrial Commission

---

* References herein are to the sections of the Workmen's Compensation Law as they appear in Vol. 9 of the 1950 Code prior to the repeal and reenactment of the Law by ch. 660 of the 1968 Acts, 1968 Repl. Vol. 9 of the Code,

found that the infection caused septic pneumonia which resulted in his death. An award of compensation was affirmed. In the *Justice* case the employee, having been severely injured in a slate fall in the mine, was transported by automobile 52 miles in cold, rainy weather to a hospital for treatment. Several days later, while still in the hospital, pneumonia developed from which he died. This court reversed the order of the Industrial Commission and held that "the death of the decedent resulted 'naturally and unavoidably from the accident' ", and was compensable.

The language of Code sec. 65-7 would appear of itself to exclude from the definition of accidental injury pneumonia arising from an employee's exposure to the elements. Nevertheless, the Industrial Commission and this court have construed the definition to include as accidental those injuries caused by exposure to such forces as shock and windstorm, sun and heat. This prompts us to review some of the cases dealing with exposure to determine whether, as claimants contend, Robinette's pneumonia was an accidental injury.

In *Burlington Mills* v. *Hagood*, 177 Va. 204, 13 S. E. 2d 291 (1941), sudden shock to an employee without physical impact was held to be compensable, the court saying at p. 209:

> "Although there is a conflict on the question, the majority of the reported cases take the view that there is an accidental or personal injury within the workmen's compensation acts where an employee, in the course of his employment, receives a sudden shock or fright, involving no physical impact, which results in his disability. 109 A. L. R. (1937) Annotation, page 892." 177 Va. 204, 209, 210, 13 S. E. 2d 291, 293.

In *Scott County School Board* v. *Carter*, 156 Va. 815, 159 S. E. 115 (1931), compensation was awarded for the death of a school teacher when a cyclone struck the school, the court finding that the risk of employment was augmented by the location of the school house in a place peculiarly vulnerable to windstorms.

Similarly, where an employee was subjected to peculiar conditions of heat which caused death, compensation has been awarded. In *Richardson* v. *Ratcliffe and Tanner, Inc.*, 8 O. I. C. 1028 (1926), the employee was stricken with sunstroke while working in excessive heat in a greenhouse. The Industrial Commission awarded compensation on the basis that where peculiar conditions of employment subject an employee to the happening of a heatstroke to a greater extent

than the public generally then such heatstroke is compensable. See also *Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83, 147 N. E. 366 (1925) at page 368: "Sunstroke, strictly speaking, is a disease, but the suddenness of its approach and its catastrophic nature have caused it to be classified as an accident."

The leading heatstroke case in Virginia is *Byrd* v. *Stonega Coke & Coal Co.*, 182 Va. 212, 28 S. E. 2d 725 (1944). There, the employee on one of the hottest summer days worked around coke ovens, where the temperature, artificially increased, was ten or twelve degrees higher than normal. After hours of heavy work the employee suddenly collapsed on the job and died. This court reversed the Industrial Commission order which had disallowed compensation. Mr. Justice (later Chief Justice) Hudgins had this to say, at pages 215 and 216, about compensable injuries arising from exposure:

> "As an original proposition, it would seem logical to hold that the facts, as related, do not disclose an 'accident'. However, generally it has been held that the term 'injury,' 'personal injury,' or 'personal injury by accident,' caused by excessive heat, cold or other meteorological phenomena, is embraced within the meaning of the statute. On this subject, however, there are conflicting opinions.

[Citing authorities].

\* \* \* \* \*

> "Whatever may be the conflicting views in other jurisdictions, it is now settled in Virginia, both by decisions of the Industrial Commission and this court, that, if the injury or death results from, or is hastened by, conditions of employment exposing the employee to hazards to a degree beyond that of the public at large, the injury or death is construed to be accidental within the meaning of the statute.

[Citing authorities].

> "Stating the same principle in different language, an employee is entitled to recover for injuries sustained if those injuries (not disease) were the immediate consequence of his exposure to a greater hazard by reason of his employment than that to which he otherwise would have been exposed." 182 Va. 212, 215, 216, 28 S. E. 2d 725, 727.

It is to be noted that the heat in the greenhouse in the *Richardson*

case, *supra*, and the heat around the coke ovens in the *Byrd* case, *supra*, was much greater than the natural heat of the summer day. In each of these cases the peculiar conditions of the employment required the employee to work under heat artificially increased in intensity.

Missouri courts, in construing exposure as accidental injury, have followed the same reasoning used by our court in the *Byrd* case, *supra*. They have further held that, following the weight of authority, pneumonia resulting from exposure in the ordinary course of the employee's work is not compensable as accidental injury. *Carter* v. *Priebe & Sons*, Mo. App., 77 S. W. 2d 171 (1934) (where an employee was a chicken picker who worked in a warm room and habitually splashed water on his clothes, after which he would go into a cooler room); *Joyce* v. *Luse-Stevenson Co.*, Mo., 139 S. W. 2d 918 (1940) (where an employee was a plasterer working in a sub-basement which had standing water on the floor). In the *Joyce* case, *supra*, at page 921, the court pointed up the distinction between compensable pneumonia caused by a sudden traumatic injury and noncompensable pneumonia contracted in the ordinary course of employment:

> "Two English cases bring out the distinction clearly. In *Coyle* v. *Watson*, [1915] App. Cases 1; 41 A. L. R. 1128, note, claimant was a miner and because of a breakdown in the shaft in which he was working he was forced to go into another where he was subjected to a sudden blast of cold air causing him to contract pneumonia. The House of Lords held that a compensable accident had taken place. But in *Lyons* v. *Woodilee Coal Co.*, 1917, 86 L. J. P. C. N. S. 137; 41 A. L. R. 1128, note, the same tribunal held that a miner, who had contracted pneumonia because of the ordinary damp and drafty conditions under which he worked, was not entitled to compensation therefore."

Other jurisdictions have held pneumonia to be accidental injury where it has resulted from unusual exposure under emergency conditions different from those under which the employee usually worked. *Birosak* v. *Shawnee Inn*, 198 Pa. Super. 652, 184 A. 2d 120 (1962). To the same effect is *Adams* v. *Bryant*, Ky., 274 S. W. 2d 791 (1955), relied upon by claimants, but distinguishable from the present case, where the employee's death from overexertion, exposure and nervous shock after extraordinary rescue operations in a mine was held to be

compensable. Conversely, when the employee is exposed to cold, drafts, rain or standing water in the regular course of his work, and the exposure is not only intentional but deliberate and protracted, the resulting pneumonia is held not to be accidental injury. *Parks* v. *Miller Printing Co.*, 336 Pa. 455, 9 A. 2d 742 (1939); *Osterriter* v. *Moore Flesher Hauling Co.*, Pa., 27 A. 2d 262 (1942). The opinion in the latter case contains the pertinent comment that "we cannot take the position that every workman who has an outside job who happens in the discharge of his duties . . . to get soaked by a rain and contracts pneumonia, dies from accident." See also *Barnett* v. *Interstate Oil Pipeline Co.*, Okl., 294 P. 2d 553 (1955).

New York cases hold that pneumonia may be considered to be accidental injury provided it is assignable to a determinate or single act, identified in space or time, and is also assignable to something catastrophic or extraordinary. Thus, where an employee in the usual course of his employment went into a refrigerator with a customer and contracted pneumonia, there was no compensable accident. *Lerner* v. *Rump Bros.*, 241 N. Y. 153, 149 N. E. 334 (1925). To the same effect is *Vaughn* v. *Bushwick Iron & Steel*, 9 N. Y. 2d 727, 174 N. E. 2d 328 (1961), where a truck driver contracted pneumonia after he was exposed to rain and cold and was denied compensation because there was nothing extraordinary or catastrophic in the exposure, and the inception of the pneumonia was not assignable to a determinate act identified in time. See also *Lahey* v. *Duso Auto Parts, Inc.*, 29 A. D. 2d 1035, 289 N. Y. S. 2d 434 (1968).

In the present case Robinette contracted pneumonia from exposure to the elements in the regular course of his employment. He was engaged in carrying out the duties for which he had been employed for some six months. There was nothing catastrophic or extraordinary in his exposure, nor did it arise under emergency conditions. His exposure was neither unexpected nor unforeseen but was intentional, deliberate and protracted. There is nothing to distinguish his activities from those of other service station attendants or other workers who are required to do outside work in all kinds of weather.

We agree with the conclusion of the Industrial Commission that the pneumonia contracted by Robinette was not an injury by accident compensable under the Workmen's Compensation Act of Virginia.

*Affirmed.*